**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Europe R. Colbert,

Plaintiff,

v.

Bravo Media, LLC, *et al.*,

Defendants.

______________________________/

Case No. 26-13568

Judith E. Levy
United States District Judge

Mag. Judge Curtis Ivy, Jr.

**OPINION AND ORDER DISMISSING THE CASE**

Plaintiff Europe R. Colbert initiated this *pro se* lawsuit with a complaint dated September 21, 2026 against a slew of Defendants, including Bravo Media, LLC; Andy Cohen; "The Real Housewives Cast Members & Production Participants (All Seasons & Franchises)" (naming approximately 50 "specific cast members"); "Curtis '50 Cent' Jackson / G-Unit Studios"; "Emmitt Perry Jr. p/k/a Tyler Perry / Tyler Perry Studios"; 8 additional individuals; and "Power & VMF Writers & Producers."[1] (ECF No. 1, PageID.1–2.)

[1] Later in the Complaint, Plaintiff also names as Defendants "All other former lovers and associated individuals," among others. (ECF No. 1, PageID.5–8.)

Plaintiff also filed an application to proceed without prepaying fees or costs (also referred to as proceeding *in forma pauperis*), (ECF No. 2) which the Court granted. (ECF No. 5.)

Because Plaintiff has been granted permission to proceed *in forma pauperis*, the Court must screen her complaint to see if it fails to state a claim or is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). When a plaintiff proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Sutton v. Mountain High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "But the rule that *pro se* filings should be liberally construed does not exempt *pro se* litigants from basic pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

For a federal court to preside over a case, it must have subject matter jurisdiction. Subject matter jurisdiction is a threshold matter in all federal cases. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) (stating that there is no "doctrine of 'hypothetical jurisdiction'

that enables a court to resolve contested questions of law when its jurisdiction is in doubt"). Challenges to a court's subject matter jurisdiction can happen at any point in the suit and can be raised by a party or the court. *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992) (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990)).

"Federal courts have subject matter jurisdiction over cases that raise a federal question, *see* 28 U.S.C. § 1331, or are between parties of diverse citizenship and involve an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332." *Christenberry v. White*, No. 20-6349, 2021 WL 5983815, at *1 (6th Cir. July 2, 2021) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 5013 (2006)). Here, Plaintiff claims that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331. (ECF No. 1, PageID.3.)

Plaintiff's allegations are insufficient to show that diversity jurisdiction exists. While she alleges an amount in controversy over $75,000, she fails to establish diversity jurisdiction because she has properly pled neither her own citizenship nor that of any Defendant. *See Washington v. Sulzer Orthopedics, Inc.*, 76 F. App'x 644, 645–46 (6th Cir.

2003) ("In a diversity action, 'the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'" (citation omitted)). Plaintiff listed her address but did not allege that she is a citizen of Michigan and did not list the citizenship of any Defendant. (*See generally* ECF No. 1.) Without allegations of citizenship, the Court cannot confirm the existence of complete diversity. *See Washington*, 76 F. App'x at 645–46. For these reasons, Plaintiff's allegations are insufficient to show that the Court has diversity jurisdiction.

Plaintiff also alleges federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 based on her claims that Defendants violated the Electronic Communications Privacy Act and "Wiretapping Acts." (ECF No. 1, PageID.3, 17.) But her complaint still fails.

As set forth above, 28 U.S.C. § 1915(e)(2)(B)(i) instructs courts to dismiss a case proceeding in forma pauperis if the court determines that the action "is frivolous." A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The former occurs when 'indisputably meritless' legal theories underlie the complaint, and the latter when it relies on 'fantastic or delusional'

allegations." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327–28). "Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept 'fantastic or delusional' factual allegations as true in [*pro se*] complaints that are reviewed for frivolousness." *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (citations omitted).

The Court concludes that Plaintiff's complaint is frivolous because it lacks an arguable basis in fact or law. Among other allegations in her complaint, Plaintiff alleges that, for the past 21 years, "Defendants recorded, distributed, or otherwise shared private content and information of Plaintiff without her consent, which remains publicly available"; "Defendants extracted private information regarding Plaintiff's life, former relationships, family members, and former coworkers, and incorporated these private details into their movies and television shows"; Defendants depicted scenarios on, for example, "all featured [Real Housewives] franchises" in which "Plaintiff's character or persona was killed off . . . , deliberately leading the public and viewers to believe that Plaintiff was actually dead in real life"; Defendant Emmitt Perry Jr. "incorporated details from Plaintiff's final relationship into

productions such as *Why Did I Get Married Too?* (2010)" and other movies and television shows; "[t]he *Real Housewives* cast members and network participants have all at one point in time deployed, weaponized, and broadcasted deeply intimate and distressing events from Plaintiff's personal life without consent"; and that Defendants tracked, stalked, "incorporated threatening rituals and voodoo methodologies," and otherwise harassed and severely psychologically abused Plaintiff. (ECF No. 1, PageID.8–14.) Plaintiff alleges fourteen different causes of action, ranging from invasion of privacy to civil conspiracy, violations of the Electronic Communications Privacy Act, copyright infringement, and abuse of process, among others. (*Id.*, PageID.14–18.) Plaintiff seeks "Structured Damages in a total amount not less than $666,000,000" along with other unusual remedies (*Id.*, PageID.18–21.)

Plaintiff's allegations are implausible. The factual allegations are difficult to comprehend and appear facially delusional or nonsensical. As such, the Court dismisses the case as frivolous under 28 U.S.C. § 1915(e)(2)(B). Any amendment would be futile, so the Court dismisses the case with prejudice. *See Nishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014) ("Although a district court may allow a plaintiff

to amend his complaint before entering a sua sponte dismissal, it is not required to do so, and leave to amend should be denied if the amendment would be futile." (citations omitted)).

For the reasons set forth above, the case is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff's complaint is frivolous, the Court certifies that an appeal of this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (explaining that an appeal is not taken in good faith if the issue presented is frivolous). Therefore, the Court denies Plaintiff leave to appeal in forma pauperis if she seeks an appeal. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: October 1, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 1, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager